UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMI LUCAS, et al., | Case No. 1:18-cv-01488-DAD-EPG |
| Plaintiffs, | |
| v. | ORDER DENYING STIPULATION TO EXTEND THE TRIAL DATE AND DISCOVERY DEADLINES |
| COUNTY OF FRESNO, et al., | |
| Defendants. | (ECF No. 52) |

Before the Court is the parties' stipulation to modify the Scheduling Order in this case. (ECF No. 52.) According to the stipulation, the parties request a 120-day continuance of the pretrial conference and trial dates as well as the deadlines for non-expert discovery, expert disclosure, rebuttal expert disclosure, expert discovery, filing dispositive motions, to "enable the parties sufficient time to adequately prepare for trial and explore settlement." (*Id.*) The parties also indicate that the COVID-19 pandemic has limited their ability to complete discovery because some "key witnesses" need to be deposed in person and "Plaintiffs' counsel was unable to be partially vaccinated until March 27." (*Id.*)

Discovery opened in this case on April 24, 2019. In the Court's initial scheduling order, non-expert discovery was due to close on July 6, 2020. (ECF No. 32). At the parties' request, that deadline was extended to December 28, 2020. (ECF No. 47, 48).

1

On October 30, 2020, the parties submitted a stipulation to modify the Scheduling Order that sought a six-month continuance of the same deadlines. (ECF No. 47.) Like the pending stipulation, that stipulation also explained that the extension was sought to "enable the parties sufficient time to adequately prepare for trial and explore settlement." (*Id..*)

On November 9, 2020, the Court held a Status Conference with the parties to discuss the status of discovery in light of the COVID-19 pandemic. (ECF Nos. 48, 49.) At the conference, the Court expressed its concern regarding the proposed six-month extension.  Plaintiffs' counsel explained that the COVID-19 pandemic had delayed the parties' ability to complete discovery, but Plaintiffs' counsel represented that everyone could be deposed virtually with the exception of one witness and that no further extensions or modifications of the Scheduling Order would be needed. The Court explained that it would grant the parties' request but did not intend to grant any further extensions.[1]

On November 10, 2020, the Court entered an order granting the stipulation to modify the scheduling order. (ECF No. 50.) The Court's order stated that "No further extensions shall be granted absent good cause."

The Court does not find good cause for an additional extension of deadlines.  This case was filed on October 26, 2018, (ECF No. 1), and discovery has been open for more than two years.  According to the parties' stipulation, it appears that many depositions have taken place and others are set to be completed in June, in advance of the current discovery cutoff of June 28, 2021.  Indeed, besides that general statement that "a short continuance would enable the parties sufficient time to adequately prepare for trial and explore settlement," there is no explanation given for why an extension of an additional 120 days is being requested.

\\\

\\\

\\\

\\\

---

[1] As there is not a transcript of the hearing, this transcription is unofficial and based on the audio file.

Accordingly, IT IS HEREBY ORDERED that the parties' Stipulation to Extend the Trial Date and Discovery Deadlines (ECF No. 52) is DENIED.

IT IS SO ORDERED.

Dated:  **April 26, 2021**                                /s/ *Erin P. Grosjean*
                                                                    UNITED STATES MAGISTRATE JUDGE