LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
SARA M. PETERS (State Bar #260610)
speters@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFFS**
JAMI LUCAS, OSCAR GONZALEZ, ASHLEY LUCAS, GIANNA LUCAS, and E.L., a minor, by and through his Guardian ad Litem, Jami Lucas, the ESTATE OF ROD LUCAS, by and through its representative, Jami Lucas

MICHAEL J. HADDAD (State Bar #189114)
michael.julia@haddadsherwin.com
JULIA SHERWIN (State Bar #189268)
michael.julia@haddadsherwin.com
TERESA ALLEN (State Bar #264865)
teresa@haddadsherwin.com
BRIAN HAWKINSON (State Bar #341856)
brian@haddadsherwin.com
HADDAD & SHERWIN LLP
505 17th Street
Oakland, CA 94612
T: (510) 452-5500
F: (510 452-5510
**ATTORNEYS FOR PLAINTIFFS**
JOHN LUCAS and RUTH ARIEAS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JAMI LUCAS, OSCAR GONZALEZ, ASHLEY LUCAS, GIANNA LUCAS, and E.L., a minor, by and through his Guardian ad Litem, Jami Lucas, the ESTATE OF ROD LUCAS, by and through its representative, Jami Lucas, JOHN LUCAS, and RUTH ARIEAS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO and JARED MULLIS,<br><br>Defendants. | Case No. 1:18-cv-01488-DAD-EPG<br><br>**PLAINTIFFS' OPPOSITION TO COUNTY OF FRESNO'S MOTION TO STRIKE PORTIONS OF SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Dale A. Drozd<br>Date: April 5, 2022<br>Time: 9:30 a.m.<br>Crtrm.: 5<br><br>**Assigned to:**<br>**District Judge Dale A. Drozd**<br>**Magistrate Judge Erica P. Grosjean**<br><br>Trial Date:       August 2. 2022 |

1

PLAINTIFFS' OPPOSITION TO COUNTY OF FRESNO'S MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' SECOND AMENDED COMPLAINT - CASE NO. 1:18-cv-01488-DAD-EPG

## I. INTRODUCTION

Defendant County of Fresno's ("County") Motion to Strike is unnecessary and misguided. As a threshold matter, Plaintiffs agree to strike references to state law ("Cal. Code Civ. Proc. § 1021.5, Cal. Civil Code §§ 52 et seq., 52.1" on page 17 at lines 2-3) and the word "hire" only from "hire, train, instruct, monitor, supervise, evaluate" on page 15 at lines 9-10 of the Second Amended Complaint ("SAC") (Doc. No. 77).

Plaintiffs do not agree to strike the following portions of their SAC at issue in County's Motion as the language is pertinent to Plaintiffs' claim against County:

1. "and ratified" on page 4 at line 2;
2. "and ratification" on page 10 at line 22;
3. "ratified" on page 14 at line 14;
4. "train, instruct, monitor, supervise, evaluate" on page 15 at lines 9-10;
5. The entirety of paragraph 46; and
6. "ratification" on page 16 at line 4.

Plaintiffs have one remaining *Monell* claim against County based upon an alleged custom of covering up constitutional violations and promoting a code of silence. (Doc. No. 77.) Plaintiffs agree that their *Monell* claim based upon failure to train and ratification of Defendant Jared Mullis' shooting of Sergeant Rod Lucas ("Sgt. Lucas") has been dismissed. (Doc. No. 38, p. 19). The Court's dismissal, however, did not preclude Plaintiffs from alleging that the code of silence persists in the Fresno County Sheriff's Office's ("FCSO") training, instructing, monitoring, and supervising of its officers and is *evidenced* by high-level ratification of that code of silence. (Doc. No. 38, pp. 17-18). References to such evidence does not constitute re-alleging the previously dismissed claims. In fact, evidence of FCSO's ratification of a culture that encourages unlawful officer conduct and cover up of that conduct is Plaintiffs' code of silence claim in operation. County's Motion to Strike should be denied on this basis alone.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2

PLAINTIFFS' OPPOSITION TO COUNTY OF FRESNO'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT - CASE NO. 1:18-cv-01488-DAD-EPG

Moreover, County's concern that the jury will confuse the issues is inconsequential because cases are tried on the evidence not the pleadings. *See Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000), *citing Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957). Because of the limited importance of the pleadings in federal court, motions to strike are generally disfavored. *See RDF Media Ltd. V. Fox Broad, Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005).

## II. FACTUAL AND PROCEDURAL BACKGROUND

This civil rights action arises from the death of Sgt. Lucas on October 31, 2016 at the FCSO. (Doc. No. 77, ¶ 10.) Former FCSO deputy, Defendant Mullis, shot Sgt. Lucas while pointing a loaded pistol at Sgt. Lucas' chest as he showed him his new holster. (Doc. No. 77, ¶¶ 13-19.) Plaintiffs allege that County created a pervasive custom and practice of a code of silence that led to Defendant Mullis recklessly handling his loaded firearm with presumed impunity. (Doc. No. 77, ¶¶ 42-49.)

Plaintiffs filed their complaint on October 26, 2018. (Doc. No. 1.) Plaintiffs subsequently filed a First Amended Complaint ("FAC") on December 11, 2018. (Doc. No. 9.) As relevant to this Motion, Plaintiffs alleged violations of their constitutional right to familial relationships, companionship, society, and support of one another under the First and Fourteenth Amendments and Sgt. Lucas' right to remain alive under the Fourteenth Amendment against County through the following *Monell* theories: (1) custom or practice of unsafe firearm handling; (2) lack of policy for approving backup firearms and holsters and failure to train; (3) custom of covering up constitutional violations and promoting a code of silence; and (4) ratification. (Doc. No. 9, ¶¶ 23, 25-35, 28-29, 46-53.)

Defendants filed a motion to dismiss on December 24, 2018. (Doc. No. 11.) The Court denied the motion to dismiss as to two of Plaintiffs *Monell* claims: (1) custom of unsafe gun handling; and (2) custom of covering up constitutional violations and promoting a code of silence. (Doc. No. 38, 15:19-20; 18:15-17.) The

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3

PLAINTIFFS' OPPOSITION TO COUNTY OF FRESNO'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT - CASE NO. 1:18-cv-01488-DAD-EPG

1  Court granted the motion with leave to amend as to Plaintiffs' remaining two *Monell*
2  claims.  (Doc. No. 38, 16:20-24; 20:1-4.)
3        Plaintiffs did not file an amended complaint and therefore waived the *Monell*
4  claims alleging (1) lack of policy for approving backup firearms and holsters and
5  failure to train, and (2) ratification.
6        Upon meeting and conferring in advance of County's motion for summary
7  judgment, the parties agreed to dismiss Plaintiffs' *Monell* theory based on alleged
8  unsafe gun handling.  The parties twice attempted to do so by stipulation and order,
9  which Magistrate Judge Grosjean rejected both times, instructing the parties that
10 they could only dismiss that *Monell* theory by filing an amended complaint.  (Doc.
11 Nos. 64, 67, 72, 73.)  As Judge Grosjean required, Plaintiffs filed a SAC on February
12 1, 2022 that excluded and specifically disclaimed the *Monell* claim against County
13 based on a custom of unsafe gun handling per the parties' stipulation.  Thus, the only
14 remaining claim against County is a *Monell* theory of liability based on a custom of
15 covering up constitutional violations and promoting a code of silence.  Unfortunately,
16 County took the filing of the SAC as an opportunity for more motion practice based
17 on the new pleading.
18       County's motion for summary judgment of Plaintiffs' remaining *Monell* claim
19 is now fully briefed and pending before this Court.  (See Doc. Nos. 61, 70, 74 and
20 supporting documents.)  The fact that the merits of Plaintiffs' code of silence-based
21 *Monell* claim are already pending before the Court is further reason why the
22 County's additional motion to strike portions of the SAC *Monell* pleadings is
23 unnecessary and wasteful of the Court's and parties' resources.

### III. LEGAL STANDARD

25       "Motions to strike are generally disfavored." *J&J Sports Prods. V. Martinez*,
26 2011 U.S. Dist. LEXIS 106017, at *3 (E.D. Cal. Sept. 19, 2011).  *See also, RDF Media*
27 *Ltd., supra*, 372 F. Supp. 2d at 566 ("Motions to strike are generally disfavored
28 because of the limited importance of the pleadings in federal practice and because it

4

PLAINTIFFS' OPPOSITION TO COUNTY OF FRESNO'S MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' SECOND AMENDED COMPLAINT - CASE NO. 1:18-cv-01488-DAD-EPG

is usually used as a delaying tactic."). Courts have routinely "decided that motions of this nature are not favored and should not be granted, **even in cases where the averments complained of are literally within the provisions of *Rule 12(f)***." *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 120-21 (D. PR. 1972) (emphasis added), *citing* numerous cases. "Indeed, 'a case should be tried on the proofs rather than on the pleadings.'" *Lazar, supra*, 195 F.R.D. at 669, *citing Rennie & Laughlin, supra*, 242 F.2d at 213.

A court deciding a motion to strike must view the pleading in the light most favorable to the pleader. *Id. See also, Multimedia Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1207 (S.D. Cal. 2007). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Mancini v. The Ins. Corp. of New York*, 2008 U.S. Dist. LEXIS 43954, at *4 (S.D. Cal. May 29, 2008), *citing In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

A court will generally not grant a motion under Rule 12(f) "unless the matters sought to be omitted clearly have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Mancini, supra*, 2008 U.S. Dist. LEXIS 43954, at *3, *citing Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). If the motion to strike deals with background or historical information, it should not be granted unless the information prejudices the moving party. *Id.* at *4, *citing LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). "Moreover, allegations which contribute to a full understanding of the complaint as a whole need not be stricken." *In re Facebook PPC Advertising Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010).

While the Ninth Circuit technically does not require a showing of prejudice before striking portions of pleadings, this matter lies within the trial court's discretion, and many district courts in this circuit require a showing of prejudice. *Mancini, supra,* 2008 U.S. Dist. LEXIS 43954, at *3-4 ("Striking pleadings is . . . only appropriate where allowing the improper matter to linger in the pleadings

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5

PLAINTIFFS' OPPOSITION TO COUNTY OF FRESNO'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT - CASE NO. 1:18-cv-01488-DAD-EPG

will prejudice the moving party."); *Freeman v. Alta Bates Summit Med. Ctr. Campus*, 2004 U.S. Dist. LEXIS 21402, at *5 (N.D. Cal. Oct. 12, 2004) (same).  Courts outside the Ninth Circuit also require a showing of prejudice.  *See, e.g., Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001); *Toucheque v. Price Bros. Co.*, 5 F. Supp. 2d 341, 350 (D. Md. 1998) (mere redundancy is insufficient to support a motion to strike; the movant must also demonstrate prejudice); *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 182 F.R.D. 386, 398 (D.R.I. 1998) (same); *Cluck-U Corp. v. Docson Consulting, LLC*, 2011 U.S. Dist. LEXIS 92462, at *4 (M.D. Pa. Aug. 18, 2011) (same).

## IV. ARGUMENT

### A. The Court's Dismissal of Plaintiffs' Ratification Claim Was Limited to County's Ratification of the Shooting Itself.

The Court's dismissal of Plaintiffs' *Monell* claim based upon ratification was confined to Defendant Mullis' act of shooting Sgt. Lucas.  In its order, the Court specifically stated: "Plaintiffs base another theory of *Monell* liability upon allegations that Fresno County ratified the actions and omissions of defendant Deputy Mullis (Doc. No. 9 at 18)."  (See Doc. No. 38, 19:2-3).  Paragraph 18 of Plaintiffs' FAC (Doc. No. 9) provided: "At said time and place, when Defendant Deputy Mullis pointed his pistol at Sergeant Lucas' chest, he was not responding to an emergency. He had the luxury of time to make an unhurried judgment, but he chose to point his loaded weapon toward his colleague's body."  The Court's cite to paragraph 18 demonstrates that Plaintiffs' ratification theory was dismissed as applied to the shooting itself.

Moreover, in denying County's motion to dismiss Plaintiffs' *Monell* claim based upon a code of silence, the Court explained: "These allegations paint a pattern of repeated behavior involving multiple officers that is sufficient to support a theory that [FCSO] **sanctions** a code of silence and a culture of encouraging the covering up of officer misconduct." ( Doc. No. 38, 18:6-8, emphasis added).  Thus, it is clear that references to FCSO's sanctioning (or ratifying) of officer conduct in the context of promoting a code of silence is both permissible and necessary to Plaintiffs' remaining

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

6

PLAINTIFFS' OPPOSITION TO COUNTY OF FRESNO'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT - CASE NO. 1:18-cv-01488-DAD-EPG

*Monell* claim.

Plaintiffs' code of silence theory is based in part upon the FCSO's culture of ignoring and failing to properly investigate its officers' unconstitutional or unlawful conduct. (Doc. No. 77, ¶ 43). Plaintiffs contend that this pervasive problem is evident in FCSO's training and supervision of its officers. The FCSO's ratification of this culture and in particular the conduct within the investigation into Sgt. Lucas' death is therefore relevant to Plaintiffs' code of silence claim. That there are references to ratification in the context of Plaintiffs' allegations that the FCSO promoted a code of silence does not transform those allegations into a ratification claim. Plaintiffs agree that the original claim of ratification of the shooting itself has been dismissed. What Plaintiffs allege in the SAC is FCSO's ratification of a custom of covering up constitutional violations that led to Defendant Mullis shooting Sgt. Lucas, and ratification of conduct throughout the investigation of the shooting that demonstrates a code of silence, not ratification of the shooting itself.

The Ninth Circuit has explained how a *Monell* claim based on a custom and policy may be proven by *evidence* of ratification, and how such ratification evidence is not the same as a ratification claim:

> Understanding ratification liability is complicated by the frequent reference to ratification in discussions that actually concern the use of a policymaker's after-the-fact conduct as evidence of a pre-existing custom or policy. While such evidentiary use of after-the-fact conduct may be useful in establishing municipal liability based on a custom or policy, that use does not suffice to show ratification. Establishing ratification requires proof of the affirmance of a prior act.
>
> For a discussion of how courts sometimes merge evidentiary use with true ratification, *see* George M. Weaver, *Ratification as an Exception to the § 1983 Causation Requirement: Plaintiff's Opportunity or Illusion?*, 89 Neb. L. Rev. 358 (2010). By way of example, Weaver points to *Larez v. City of Los Angeles*, 949 F.2d 630, 645 (9th Cir. 1991) (noting that, because statements by police chief made after subordinates were accused of using excessive force might "shed light on the operation, custom, or policy of his department, or on his ratification or condonation of the injurious acts," those statements, "if admitted upon retrial, may, of course, be used as evidence on the issue of his liability and that of the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

7
PLAINTIFFS' OPPOSITION TO COUNTY OF FRESNO'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT - CASE NO. 1:18-cv-01488-DAD-EPG

City").

Comment to Ninth Circuit Model Civil Jury Instruction 9.7.

The portions of Plaintiffs' SAC that County seeks to strike are not immaterial but rather essential to their code of silence claim and as such, County's Motion should be denied. *See Mancini*, *supra*, 2008 U.S. Dist. LEXIS 43954, at *3.

### B. References to Ratification in the Context of the Code of Silence Will Not Confuse the Issues and Does Not Prejudice County.

The only prejudice County raises is the risk that the trier of fact will confuse the issues and "draw 'unwarranted' inferences" at trial. (Doc. No. 80.1 at 8:14-21.) Including references to ratification in Plaintiffs' SAC will not confuse the issues as it is clear only one *Monell* theory based upon a code of silence remains. Moreover, this case will be tried on the evidence rather than on the pleadings. *See Lazar*, *supra*, 195 F.R.D. at 669. The evidence in this case will demonstrate that the FCSO's ratification is in the context of promoting a code of silence, not in response to the shooting itself. The risk that the trier of fact will draw unwarranted inferences from the word "ratified" or references to ratification contained in the SAC instead of relying on the evidence presented at trial is minimal at best. As there is no real risk of confusion of issues, County has not demonstrated any prejudice it may face.

## V. CONCLUSION

Based on the foregoing reasons, Plaintiffs respectfully request that County's Motion to Strike be denied except as to striking the following portions:

1. "hire" on page 15 at line 9; and

2. "Cal. Code Civ. Proc. § 1021.5, Cal. Civil Code §§ 52 et seq., 52.1" on page 17 at lines 2-3.

/ / / /

/ / / /

/ / / /

/ / / /

| | | |
|---|---|---|
| Dated: March 15, 2022 | | HADDAD & SHERWIN LLP |
| | By: | /s/ Michael J. Haddad |
| | | MICHAEL J. HADDAD |
| | | Attorneys for Plaintiffs |
| | | JOHN LUCAS and RUTH AREIAS |
| Dated: March 15, 2022 | | WALKUP, MELODIA, KELLY & SCHOENBERGER |
| | By: | /s/ Sara M. Peters |
| | | KHALDOUN A. BAGHDADI |
| | | SARA M. PETERS |
| | | Attorneys for Plaintiffs |
| | | JAMI LUCAS, OSCAR GONZALEZ, ASHLEY LUCAS, GIANNA LUCAS, AND E.L., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, JAMI LUCAS, THE ESTATE OF ROD LUCAS, BY AND THROUGH ITS REPRESENTATIVE, JAMI LUCAS |

9

PLAINTIFFS' OPPOSITION TO COUNTY OF FRESNO'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT - CASE NO. 1:18-cv-01488-DAD-EPG